## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| KANDAS BUTLER, | § | |
| | § | |
| PLAINTIFF, | § | |
| vs. | § | NO. 5:23-cv-1292 |
| | § | |
| TEXAS CUSTOM BUILDERS, | § | JURY DEMAND |
| JMI CONTRACTORS, LLC, GEORGE | § | |
| PERRY, JAMES SMITH, AND MICHAEL | § | |
| GARCIA, | § | |
| | § | |
| DEFENDANTS. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

## I.

## INTRODUCTION

Plaintiff, Kandas Butler files this Original Complaint against Defendants JMI Contractors, Inc., and Texas Custom Builders.

1.      Defendants improperly classified Plaintiff as an independent contractor. Defendants further failed to pay Plaintiff at least minimum wage for all hours worked and an overtime premium for those hours worked in excess of forty in a workweek.

2.      Defendants' conduct violates the Fair Labor Standards Act ("FLSA") and the Texas Labor Code, which requires non-exempt employees to be compensated for at least minimum wage for all hours worked and one and one-half times their regular rate of pay for all hours worked in excess of forty hours in a workweek. *See* U.S.C. §207(a) and Texas Labor Code §62.051.

3.      Plaintiff further brings this lawsuit against Defendants for violations of the minimum wage provisions of the Texas Labor Code §62.051 and the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

4.      Plaintiff further states that Defendants discriminated against Plaintiff because of Plaintiff's gender and subjected her to severe and pervasive sexual harassment and discrimination based on her gender in violation of the Texas Labor Code and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et. seq.

## II.

## PARTIES

1.      Plaintiff is an individual and a citizen of Lampasas County, Texas.

2.      Defendant JMI Contractors, LLC, is a company incorporated in the state of Texas and that is doing business in Coryell County Texas, and can be served by serving its registered agent Michael J. Garcia, at 15586 Capital Port, San Antonio, Texas 78249.

3.      Defendant Texas Custom Builders is company incorporated in the state of Texas that is doing business in Coryell County and can be served at its principal place of business located at 19179 Blanco Road, Suite 105, PMB 146, San Antonio, Texas 78258.

4.      Defendant George Perry is an individual resident of Texas who can be served at 19179 Blanco Road, Suite 105, PMB 146, San Antonio, Texas 78258.  Defendant Perry operates Defendant Texas Custom Builders in Coryell County, Texas.  Defendant Perry is the manager, officer and owner of Texas Custom Builders.

5.      Defendant James Smith is an individual resident of Texas who can be served at 28843 Ralph Fair Drive, Fair Oaks Ranch, Texas 78015.  Defendant Smith operates Defendant JMI Construction in Coryell County, Texas.  Defendant Smith is the manager, officer and owner of JMI Construction.

6.      Defendant Michael Garcia is an individual resident of Texas who can be served at 28136 Aqueduct Lane, Fair Oaks Ranch, Texas 78015.  Defendant Garcia operates Defendant

JMI Construction in Coryell County, Texas.  Defendant Smith is the manager, officer and owner of JMI Construction.

### III.

### JURISDICTION AND VENUE

5.    The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA and Title VII of the Civil Rights Act.

7.    The acts complained of herein were committed and had their principal effect against Plaintiff within the Fort Hood Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. §1391.

### IV. COVERAGE

8.    At all material times, Defendants have been an employer within the meaning of 29 U.S.C. §203(d) and Title VII.

9.    At all material times Defendants have been an enterprise within the meaning of 29 U.S.C. §203(r).

10.    At all material times, Defendants have an annual gross business volume of not less than $500,000.

11.    At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §207.

### V.

### BACKGROUND FACTS

12.    Plaintiff was not only misclassified as an independent contractor, but her employers, Defendants Texas Custom Builders and JMI Contractors subjected Plaintiff to severe and pervasive harassment and abuse on a daily basis because of Plaintiff's gender.

13.     Plaintiff started her employment on March 3, 2022, as a general laborer with an expectation that she would have her pay increased and move into a supervisory role.  Plaintiff was offered employment by Texas Custom Builders but was paid by and subject to the direction and control of JMI Contractors.

14.     Plaintiff's day to day duties were all directed by George Perry and other employees of both Texas Custom Builders and JMI Contractors.

15.     While Plaintiff was given the title of Laborer about a month after she started, she never received the promised pay increase or promotion.

16.      Plaintiff was the only female working at the job site to which she was assigned and the owner of Texas Custom Builders, George Perry, would regularly tell Plaintiff how females were inferior, and that Plaintiff was not as useful as the male employees on the job site.

17.     Even though Plaintiff was originally hired to perform quality control reviews and go over punch lists, Plaintiff was regularly assigned to perform menial tasks such as sweeping, power washing sidewalks and driveways, and other clean up duties that the other male employees were not required to perform.

18.     Mr. Perry and other managers would regularly make sexist remarks to Plaintiff and make derogatory remarks about Plaintiff and women in general on a daily basis.

19.     At the morning meetings Mr. Perry would often call Plaintiff out in front of the whole crew and assign Plaintiff the lowest of tasks such as picking up trash along the fence line, a task the male employees were not required to perform, which was very degrading and was Mr. Perry's attempt to prove to everyone that Plaintiff was below the other workers.

20.     Plaintiff was further forced to use the same porta-pottys as the men which consisted of three porta-pottys strapped to a trailer.  Even though someone place a "W" on one of

them, Plaintiff regularly subjected to the men walking in on Plaintiff while using the toilet or Plaintiff would be subjected to seeing the men using the porta-potty.

21.    Plaintiff's employment was immediately terminated on May 14th after she raised issues about gender discrimination and sexual harassment.

22.    At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

23.    Plaintiff's primary duties to provide services as a Laborer on construction project for which Defendants contracted to perform in Fort Hood.

24.    Defendants directly hired Plaintiff, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

25.    Defendant further provided the facilities at which Plaintiff was to perform her job duties for Defendant.

26.    Defendant improperly classified Plaintiff as an independent contractor and deemed her as exempt from the minimum wage and overtime requirements of the FLSA.

27.    Plaintiff's work followed the usual path of employer-employee relationships; Defendants treated Plaintiff as independent contractors only for tax purposes and for the benefit and convenience of the Defendants.

28.    Defendants, at all times relevant hereto, knew that Plaintiff was acting as an employee rather than as an independent contractor, and treated Plaintiff as an employee for all purposes except the manner in which Plaintiff was compensated.

29.    Defendants required regular attendance at company meetings and events.

30.    Defendants did not pay Plaintiff on a salary basis.

31.     Plaintiff did not financially invest in Defendants' businesses.

32.     Plaintiff did not share in Defendants' profits or losses.

33.     Defendants, not Plaintiff, set prices for services for Defendants' customers.

34.     Defendants determined Plaintiff's pay scale for services without input from or negotiation with Plaintiff.

35.     Defendants, not Plaintiff, decided whether and how many other laborers and other workers to hire.

36.     Plaintiff was hired to work for Defendant for a continuous and ongoing period of time.

37.     Plaintiff was hired to work for Defendants on an exclusive basis.

38.     Plaintiff did not have any control of or authority over any employee's rate of pay or working hours.

39.     Defendants set policies and rules which Plaintiff was required to follow.

40.     Defendants made decisions on advertising Defendant's business without input from Plaintiff.

41.     Plaintiff regularly worked hours over 40 per week.

42.     Defendants failed to pay Plaintiff for all the hours that they worked.

43.     At all relevant times herein, Defendants have deprived Plaintiff of proper minimum wage for all hours worked and proper overtime compensation for all of the hours worked over forty per week.

44.     Defendants knew or should have known that Plaintiff were working hours which went unrecorded and uncompensated.

45.    Defendants knew, or showed reckless disregard for whether, and the way they classified and paid Plaintiff and their actions in violation of the FLSA.

**VI.**

**CONDITIONS PRECEDENT**

46.    Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Texas Workforce Commission pursuant to those agencies' work sharing agreement.

47.    The Charge was filed within 300 days after the date on which the complained of employment practices were committed.

48.    Plaintiff received a notice of a right to sue and this lawsuit was timely filed.

49.    Plaintiff has timely exhausted all administrative remedies.

**VII.**

**CAUSES OF ACTION**

A.    **Cause of Action—Sex Discrimination/Sexual Harassment—Hostile Work Environment—Supervisor Liability—TCHRA[1] and Title VII of the Civil Rights Act**

50.    Plaintiff incorporates each of the foregoing paragraphs.

51.    Defendants discriminated against Plaintiff because of Plaintiff's sex, and subjected Plaintiff to a sexually hostile work environment.

52.    George Perry's conduct in particular permeated Plaintiff's workplace with discriminatory intimidation, ridicule, and insult, and was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment.

53.    Because George Perry was Plaintiff's supervisor and is the owner of Defendant Texas Custom Builders, Defendants are vicariously liable for Mr. Perry's harassing conduct.

---

[1] Texas Commission on Human Rights Act.

54.     Defendants' actions violated section 21.051 of the Texas Labor Code and Title VII of the Civil Rights Act.

**B.     Cause of Action—Sex Discrimination/Sexual Harassment—Hostile Work Environment—Negligence—TCHRA and Title VII**

55.     Plaintiff incorporates each of the foregoing paragraphs.

56.     Defendants discriminated against Plaintiff because of Plaintiff's sex, and subjected Plaintiff to a sexually hostile work environment.

57.     Mr. Perry's conduct in particular, permeated Plaintiff's workplace with discriminatory intimidation, ridicule, and insult, and was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment.

58.     Defendants knew, or in in the exercise of reasonable care should have known, that Mr. Perry's conduct was sexually harassing Plaintiff.

59.     Defendants failed to take reasonable care to prevent and promptly correct Mr. Perry and others from sexually harassing Plaintiff.

60.     Defendants' actions violated section 21.051 of the Texas Labor Code and Title VII of the Civil Rights Act.

**C.     Cause of Action—Sex Discrimination—TCHRA and Title VII**

61.     Plaintiff incorporates each of the foregoing paragraphs.

62.     Defendants discriminated against Plaintiff because of Plaintiff's sex.

63.     Plaintiff was treated differently than similarly situated males.

64.     Defendants' actions violated section 21.051 of the Texas Labor Code and Title VII of the Civil Rights Act.

**D.     Cause of Action—Sex Discrimination—Discriminatory Discharge—TCHRA and Title VII**

65.     Plaintiff incorporates each of the foregoing paragraphs.

66.    Defendants discriminated against Plaintiff because of Plaintiff's sex and terminated Plaintiff's employment because of her sex.

67.    Defendants' actions violated section 21.051 of the Texas Labor Code and Title VII of the Civil Rights Act.

**E.    Cause of Action—Unlawful Retaliation—TCHRA**

68.    Plaintiff incorporates each of the foregoing paragraphs.

69.    Plaintiff engaged in protected activity as set forth in Texas Labor Code section 21.055 and Title VII of the Civil Rights Act.

70.    In response, Defendants retaliated against Plaintiff and ultimately terminated Plaintiff's employment.

71.    Defendants' actions violated section 21.055 of the Texas Labor Code and Title VII of the Civil Rights Act.

**F.    Violation of the FLSA – Minimum Wage**

6.    Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

7.    To date, Defendants have not paid the Plaintiff the FLSA minimum wage within the period between at least October 12, 2020 and the present.

8.    During workweeks within the period between October 12, 2020, and the present, Defendants paid Plaintiff less than the minimum hourly wage per hour as required under 29 U.S.C. § 206(a)(1) because Defendants would require Plaintiff to report to work by 7:00 a.m. six days a week but would not start paying her until at least 8:00 a.m. or later.

9.    Defendants acted willfully or with reckless disregard as to their obligation to pay workers a minimum hourly wage, and, accordingly, the violation was willful for purposes of the Fair Labor Standards Act, 29 U.S.C. §§ 255(a) and 260.

10.    As a result of Defendants' unlawful conduct, Plaintiff has incurred loss of wages in an amount to be determined at trial, along with liquidated damages, attorney's fees, and costs of litigation.

**G.    Violation of Texas Labor Code Section 62.051 – Minimum Wage**

11.    Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

12.    During workweeks within the period between October 12, 2020, and her termination, Defendants paid Plaintiff less than the applicable minimum hourly wage under Texas Labor Code Section 62.051.

13.    Specifically, Defendants would require Plaintiff to report to work by 7:00 a.m. six days a week, but would not start paying her until at least 8:00 a.m. later.

14.    Defendants' failure to pay Plaintiffs and those similarly situated the minimum hourly wage for each hour worked violates Texas Labor Code Section 62.051.

15.    As a result of Defendants' unlawful conduct, Plaintiff has incurred a loss of wages in an amount to be determined at trial, along with liquidated damages, attorney's fees, and costs of litigation per Texas Labor Code Section 62.201

**H.    VIOLATION OF THE FLSA - OVERTIME**

16.    Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

17.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. S 201, *et. seq*.

18.    At all relevant times, Defendants have been, and continued to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. S 203.

19.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 unless an employee meets certain exemption requirements of 29 U.S.C. S 213 and all accompanying DOL regulations.

20.    Defendants misclassified Plaintiff as exempt from the requirements of the

FLSA by wrongfully classifying him as an independent contractor.

21.    Despite Plaintiff's entitlement to overtime payments under the FLSA, Defendants failed to pay Plaintiff 1.5x his regular rate for all hours worked in excess of 40 per week.

22.    Defendants failed to pay Plaintiff a sufficient minimum wage for all hours worked.

23.    Defendants knew or should have known that their actions violated the FLSA.

24.    Defendant's conduct and practices, as described above, were willful.

25.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

26.    Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. S 216(b).

72.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.

## DAMAGES

73.    Plaintiff incorporates each of the foregoing paragraphs.

74.    Defendants' actions violated the TCHRA and Title VII, which entitles Plaintiff to recover from Defendants back pay, front pay, compensatory damages, as well as pre-judgment and post-judgment interest.

75.     Because Defendants' actions were done with malice and/or reckless indifference to Plaintiff's protected rights, Plaintiff is entitled to recover from Defendants punitive damages.

76.     Plaintiff seeks all damages available under the TCHRA and Title VII.

## IX.

## ATTORNEYS' FEES AND COSTS

77.     Plaintiff incorporates each of the foregoing paragraphs.

78.     Plaintiff retained the services of undersigned counsel to prosecute Plaintiff's claims.

79.     Pursuant to the FLSA, Texas Labor Code section 21.259 and Title VII, Plaintiff is entitled to recover a reasonable attorneys' fee from Defendants, including reasonable expert fees.

## X.

## INTEGRATED ENTERPRISE/
## JOINT EMPLOYER/JOINT AND SEVERAL LIABILITY

80.     Plaintiff incorporates each of the foregoing paragraphs.

81.     Defendants are an integrated enterprise.

82.     Defendants have interrelated operations, and/or centralized control of labor relations and other employment decisions, and/or common management, and/or common ownership and/or financial control.

83.     Defendants jointly exerted authority over Plaintiff's employment and/or had the right to exert authority over Plaintiff's employment.

84.     Defendants are joint employers of Plaintiff.

85.     Defendants are jointly and severally liable for Plaintiffs' injuries and damages.

## XI.

## <u>RESPONDEAT SUPERIOR</u>

86.     Plaintiff incorporates each of the foregoing paragraphs.

87.     Defendants are liable for the acts and/or omissions of their respective agents, representatives, employees, servants, and officers.

## XII.

## <u>INJUNCTIVE AND EQUITABLE RELIEF</u>

88.     Plaintiff incorporates each of the foregoing paragraphs.

89.     Plaintiff requests the Court enter an order providing injunctive and declaratory relief including, but not limited to:

a.      Prohibiting Defendants from engaging in unlawful discrimination;

b.      Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

c.      Paying court costs;

d.      Any additional equitable relief as the Court deems proper.

## XIII.

## <u>JURY TRIAL</u>

90.     Plaintiff incorporates each of the foregoing paragraphs.

91.     Plaintiff demands a jury trial.

## XIV.

## <u>PRAYER</u>

92.     Plaintiff respectfully requests that Defendant / Defendants be cited to appear and answer, and that upon final trial of this matter, the Court enter judgment against Defendant / Defendants, jointly and severally, awarding Plaintiff:

A.     Back pay and front pay (including benefits);

B.     Compensatory damages;

C.     Punitive damages;

D.     Enter a declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA and the Texas Labor Code, and its related regulations;

E.     Award Plaintiff judgment for damages suffered equal to all unpaid wages including both minimum wage for hours worked and overtime premiums for all weeks where Plaintiff worked in excess of 40 hours, under the FLSA and its related regulations;

F.     Award Plaintiff judgment for liquidated damages owed pursuant to the FLSA and the Texas Labor Code, and its related regulations;

G.     Award Plaintiff judgment for liquidated damages owed pursuant to the Texas Labor Code;

H.     An order directing Defendant to pay Plaintiff interest, all reasonable attorney's fee and all costs connected with this action; and

I.     Reasonable attorneys' fees and expert fees;

J.     Injunctive and equitable relief, including but not limited to, an Order:

(i).     Prohibiting Defendants from engaging in unlawful discrimination;

(ii).     Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

(iii).     Paying court costs;

---

(iv).    Any additional equitable relief the Court deems proper.

K.    Court costs;

L.    Pre-judgment and post-judgment interest at the rate set by law; and

M.    All legal or equitable relief this Court deems proper.


Respectfully submitted,


/s/ Mark D. Downey
MARK D. DOWNEY
Texas Bar No. 00793637
mdowney@dlawgrp.com
**D LAW GROUP/MARK D DOWNEY PLLC**
5308 Ashbrook
Houston, Texas 77081
214-764-7279
**ATTORNEYS FOR PLAINTIFF**